**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

NOBLE ELITE TELEMONITORING SERVICES, LLC,

      Plaintiff,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD,

      Defendants.

---

### NOTICE OF REMOVAL

---

Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes the above-referenced action from the District Court, of Denver County, Colorado, based on the following:

**TIMELINESS OF REMOVAL AND COMPLIANCE**
**WITH PROCEDURAL REQUIREMENTS**

1.      On April 3, 2026, Plaintiff Noble Elite Telemonitoring Services, LLC ("Plaintiff") commenced a civil action against Anthem by the filing of a Complaint filed in the District Court of Denver County, State of Colorado, entitled *Noble Elite Telemonitoring Services, LLC v. Rocky Mountain Hospital and Medical Service, inc. d/b/a Anthem Blue Cross and Blue Shield*, Case No. 2026CV31209 (the "State Court Action").

2.      On May 14, 2026, Anthem was served with Plaintiff's Complaint. Attached hereto as **Exhibits A through A-7** are true and correct copies of the Summons, Complaint, State Court Docket, and all process, pleadings, and orders served on Anthem.[1] These documents constitute all "process, pleadings, and orders" served upon Anthem in the state court action as required by 29 U.S.C. § 1446(a).

3.      This Notice of Removal is timely, as it is filed within thirty days of service of the Complaint. *See* 28 U.S.C. § 1446(b).

4.      Under 28 U.S.C. §§ 84(c)(2) and 1441(a), this action can be removed to this Court because this District and Division embrace the District Court of Denver County, State of Colorado which is the place in which Plaintiff originally filed the State Court Action.

5.      Promptly upon filing this Notice of Removal, Anthem shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the District Court of Denver County, State of Colorado, and will serve a copy thereof on Plaintiff through its counsel, pursuant to 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto at **<u>Exhibit B</u>**.

6.      Further, once removed, this Court has supplemental jurisdiction over any "other claims that . . . form part of the same case or controversy," including Plaintiff's state law claims under statute and common law and may determine all issues raised in the Complaint. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997); *See also Nishimoto v. Federman Bacrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). Thus, this Court

---

[1] Exhibit A to the Complaint is not included because it was not provided by Plaintiff's counsel with the waiver of service form and is not available publicly on the state court docket. Anthem will file a supplemental exhibit when it receives a copy of Exhibit A to the Complaint from Plaintiff's counsel.

has supplemental jurisdiction over any otherwise non-removable claims—or causes of action—and may determine all issues raised in the Complaint.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

7.     This case is removable to federal court because Plaintiff's claims in the Complaint give rise to jurisdiction under 28 U.S.C. § 1331 as the action posits a federal question that is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  As such, the Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331.

8.     Federal jurisdiction exists when a federal question is presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482. U.S. 386, 392 (1987). Even if a complaint asserts only state-law claims, removal jurisdiction may be appropriate if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 13 (1983). District Courts have federal question jurisdiction over a dispute if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Stated differently, federal jurisdiction exists where "a state-law cause of action is 'brought to enforce' a duty created by" federal law. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 384 (2016).

9.     Under the artful pleading doctrine, a plaintiff "cannot thwart federal court jurisdiction by simply pleading only state-law claims when federal questions are essential elements

of its claims." *Snowmass Mining Co., LLC v. Mystic Eagle Quarry, LLC*, 2023 WL 2706359, at *4 (D. Colo. Mar. 30, 2023) (quoting *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203 (10th Cir. 2012)). Put differently, a plaintiff "may not defeat removal by failing to plead federal questions in a complaint that are essential elements of the plaintiff's claim." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). Further, even when a cause of action is created by a state law, it may still arise under federal law where the right to relief "requires resolution of a substantial question of federal law in dispute between the parties." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1257 (10th Cir. 2022).

10.     A case "arises" under the laws of the United States if it implicates a significant federal issue. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of *uniformity* that a federal forum offers on federal issues").

11.     The foregoing requirements for showing a substantial question of federal law giving rise to federal jurisdiction under Section 1331 are met in this case.

12.     First, the Complaint necessarily raises a federal issue. Specifically, Plaintiff alleges that "Defendant is responsible for the payment obligations at issue, including amounts owed following the completion of the [No Surprises Act] open negotiation and [Independent Dispute Resolution] processes relating to certain claims…" (Compl. ¶ 18) and claims that "Defendant owes Plaintiff at least $1,662,417.59 across 90 unpaid IDR determinations and related claim balances, as reflected in Exhibit A" (Compl. ¶ 42). Plaintiff's claimed damages and requested relief are thus

predicated entirely on the IDR determinations attached as Exhibit A. *See* Compl. ¶ 34; Prayer for Relief. In substance, Plaintiff seeks to enforce federal IDR awards issued pursuant to the No Surprises Act, 29 U.S.C. § 1185e(c)(6). Because the enforceability of the IDR awards is an essential element to Plaintiff's claims, the Complaint necessarily raises an issue of federal law. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012) (explaining that courts focus on whether a federal issue is an essential element of plaintiff's claim when determining if that issue is "necessarily raised").

13.     Second, the federal issue is disputed. Defendant disputes that Plaintiff may pursue claims in court to enforce IDR awards, regardless of the cause of action asserted.  *See Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1236 (10th Cir. 2006) (holding the "actually disputed" prong is satisfied where "it is clear that the federal question is actually disputed"); *see also Guardian Flight, LLC v. Health Care Service Corporation, 140 F.4th 271, 277* (5th Cir. 2025), cert. denied ---S.Ct.---, 2026 WL 79855 (Mem) (Jan. 12, 2026) (holding providers cannot enforce IDR awards in court regardless of the cause of action asserted); *Federal Independent Dispute Resolution (IDR) Technical Assistance for Certified IDR Entities and Disputing Parties*, June 2025 (providing process to reopen IDR disputes where claims were ineligible for NSA or contained procedural defects).

14.     Third, the federal NSA issue is substantial. The Fifth Circuit — the highest federal court to address the NSA—has held that the text of the NSA reflects Congress's intent that it is "better to have an administrative enforcement mechanism handle most award disputes instead of throwing open the floodgates of litigation." *Guardian Flight, LLC*, 140 F.4th at 277. The question of whether IDR awards are enforceable in court is a substantial federal question.

15.    Fourth, the federal NSA issue is capable of resolution in federal court without disrupting the federal-state balance approved by congress. "Congress intended the *federal government* to have comprehensive control over" the IDR process which "supports that exercising jurisdiction will not disrupt the federal-state balance approved by Congress." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185 (9th Cir. 2022) (quoting *Gunn*, 568 U.S. at 258); *see also* 42 U.S.C. §§ 300gg-111(a)(2)(A) (empowering department of Health and Human Services ("HHS") to conduct audits of insurers to ensure compliance with the NSA); 29 U.S.C. § 1185e(c) (codifying Department of Labor's enforcement authority over the entire IDR process); *Guardian Flight, LLC v. Health Care Service Corporation*, 140 F.4th at 277 ("Congress …empowered HHS to assess penalties against insurers for failure to comply with the NSA."). Because the federal government has control over the IDR process, exercising jurisdiction will not disrupt the federal-state balance approved by Congress.

16.    For the foregoing reasons, the Complaint raises a substantial question of federal law that gives rise to jurisdiction under 28 U.S.C. § 1331.

17.    If there is a single federal question present in the complaint, then a district court has supplemental jurisdiction over all the other related claims. *See* 28 U.S.C. § 1367. Specifically, this Court has supplemental jurisdiction over any "other claims that … form part of the same case or controversy," including Plaintiff's state law claims under statute and common law, and may determine all issues raised in the Complaint. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).

18.    Accordingly, this Court has jurisdiction over this entire action, and removal of the entire action is proper.

**RESERVATION OF RIGHTS**

19.     Defendant denies the allegations contained in the Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, and/or obligations that may exist in its favor in either state or federal court.

20.     Further, Defendant does not concede in any way that (i) Plaintiff has asserted a claim upon which relief can be granted, (ii) that Plaintiff has standing to bring the claim, and/or (iii) that recovery of any of the amounts sought is authorized or appropriate.

21.     Defendant also reserves the right to amend or supplement this Notice of Removal. Further, to the extent any questions arise as to the propriety of the removal of the action, Defendant expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the District Court of the State of Colorado for Denver County to the United States District Court for the District of Colorado, and request such other and further relief as the Court deems appropriate and just.

Respectfully submitted this 12th day of June 2026.

By:     */s/ Andrea M. Hicks*
        Andrea M. Hicks
        Troutman Pepper Locke, LLP
        100 Spectrum Center Drive, Suite 1500
        Irvine, CA 92618

Telephone: (949) 622-2419
Andrea.Hicks@troutman.com
*Counsel for Defendant Rocky Mountain
Hospital and Medical Service, Inc. d/b/a
Anthem Blue Cross and Blue Shield*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing to be served upon all persons and entities authorized

and registered to receive such service through the Court's Case Management/Electronic Case Files

(CM/ECF) system on June 12, 2026. I further certify that a copy was sent by U.S. Mail to:

CALLAGY LAW                                          *Attorney for Plaintiff*
Brian A. Williamson                                  Noble Elite Telemonitoring Services, LLC
2550 W. Union Hills Ave., Ste. 350-341
Phoenix, AZ 85027

15100 N. 90th Street
Scottsdale Arizona 85260

Phone:  201.261.1700
Fax:      201.549.8408
E-mail: bwilliamson@callagylaw.com

/s/ *Andrea M. Hicks*
Andrea M. Hicks
*Counsel for Defendant Rocky Mountain
Hospital and Medical Service, Inc. d/b/a
Anthem Blue Cross and Blue Shield*